## HAFFLEY v. MAIER.

A MORTGAGE on public land, or the improvements thereon, is not void because it does not follow the provisions of the Chattel Mortgage Act. That act gives a new remedy, but does not take away the old.

The mortgagor having mortgaged the land as his own property is estopped, as are his privies in estate, from saying it is public land.

A mortgage is a mere security for a debt, and does not pass the fee, nor give a right of entry. Hence, if land mortgaged is sold, the vendee of the mortgagor cannot be ousted from possession by a purchaser under the decree of foreclosure and sale, unless such vendee was made a party to the foreclosure suit.

APPEAL from the Fifteenth District.

Ejectment for premises situated in Butte County. In June, 1857, one Schiller and his wife executed a mortgage upon the premises in controversy to the plaintiff. This mortgage is in the usual form. The plaintiff foreclosed the mortgage, and on the sale had under the decree, became the purchaser and obtained the Sheriff's deed. Under this deed he claimed.

In September, 1857, Schiller, the mortgagor, conveyed the mortgaged premises to one Geer, under whom the defendant, Maier, through mesne conveyances, claimed the property; Maier was not made a party to the foreclosure suit. Schiller and wife were alone made parties to that suit. The decree of foreclosure and sale was entered on the 5th of May, 1858, and the Sheriff's deed was executed to the plaintiff on the 3d of the following December.

The Court below found that the land mortgaged was public land of the United States, and that the mortgage not being made in pursuance of the provisions of the Chattel Mortgage Act, was of no legal force or effect against any person not a party to it, and that the defendant by a subsequent purchase of the premises in controversy, was not affected by the mortgage, and that the foreclosure and sale gave the plaintiff no right of possession as against him.

Judgment was rendered for the defendant, from which the plaintiff appealed.

*Burt & Rhodes,* for Appellant.   1. The Chattel Mortgage Act changes the common law, by permitting chattels to be mortgaged without delivery, on certain conditions, and by taking away the right to mortgage possessory claims to lands, except with certain formalities.   Hence this act must be strictly construed and limited to the species of property named therein.   By the act the claims are confined to lands of the State.   (Melody *v.* Reab, 4 Mass. 471; 15 Id. 205; 9 Pick. 496; 13 Id. 284; Lock *v.* Miller, 3 Stew. & Port. 13; Sedg. Const. and Stat. L. 313—334; 1 Blac. Com. 59; 6 Cal. 172; 5 Id. 408; Smith Const. and Stat. Com. 786.)   2. Defendant deriving title and possession from the mortgagor, after the mortgage, cannot set them up to defeat the recovery.

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

1. The Court below erred in holding that the mortgage executed on the public land, or improvements thereon, was void, because it did not follow the provisions of the Chattel Mortgage Act. That Act gave a new remedy, but did not take away the old; but, on the principle of estoppel, the mortgagor having mortgaged the land as his own property, was estopped, as are his privies in estate, from saying this is public land.   The fact of his ownership, for all purposes of such foreclosure and title, is concluded by the deed, and is not admissible of dispute or question.

2. The mortgage was made by one Schiller. Afterwards, Schiller sold, subject, of course, to the mortgage, to another, and this last to another, who sold to Maier, the defendant in possession, who is now resisting the plaintiff's claim.   The plaintiff foreclosed the mortgage of Schiller, and bought at the sale.   But, though Schiller, the mortgagor, was made a party, Maier, the subsequent vendee of his interest, was not.

According to repeated decisions of this Court, (see McMillan *v.* Richards, 9 Cal.) a mortgage is held in this State to be merely a security for a debt.   It does not pass the fee to the mortgagee, nor give him a right of entry.   It only gives him a right to sell

in a certain event, and the title comes from the sale. Until the sale, the fee is in the mortgagor. Before the sale in this case, the fee or legal estate, clogged only with the incumbrance of this mortgage, passed to Maier.

It could not be divested by a sale of Schiller's interest; indeed, at the time of the sale, Schiller had no interest. What is sold is not the interest of the mortgagee, but the estate of the mortgagor; if the mortgagor has parted with his estate, the holder, to be affected by a decree, must be made a party. If he is not, his rights remain as they were before, and, having the legal estate, with a right of possession until that legal estate is sold, *this* is a good defense to an action at law, brought to oust him of the possession.

The judgment was right on the undisputed facts, though a wrong reason was given for it. But we do not reverse for what we regard as bad logic, but for what we consider bad law.

The judgment is affirmed. But, of course, neither this affirmance, nor the judgment below, affects the right of the plaintiff to foreclose the title of Maier, and then maintain his ejectment.

Ordered accordingly.