### ATTORNEY GENERAL *vs.* CITY OF CAMBRIDGE.

Middlesex.   Jan. 19. — Feb. 14, 1876.   COLT & ENDICOTT, JJ., absent.

The provisions of the St. of 1866, *c.* 149, requiring all persons filling up flats by authority of the Legislature to submit their plans to the approval of the board of harbor commissioners, and to make compensation for the tide water thus displaced, do not apply to work done by the boards of mayor and aldermen of Cambridge and Somerville in filling up the flats in pursuance of the power conferred upon them by the St. of 1873, *c.* 304, and according to the plan devised by the harbor commissioners, acting jointly with the state board of health, under the St. of 1872, *c.* 353.

INFORMATION IN EQUITY, filed September 10, 1874, by the attorney general, at the relation of the harbor commissioners, under the St. of 1866, *c.* 149, § 5, to prevent the defendant from filling up the flats and basin of that portion of Miller's River which lies within the city of Cambridge.   At the hearing before *Morton,* J., upon the information, answer and proofs, the attorney general contended that the St. of 1866, *c.* 149, §§ 4, 5, applied to the work of filling the basins, channel and flats of Miller's River under the St. of 1873, *c.* 304; and the defendant contended that the St. of 1866 did not so apply, and that the city of Cambridge was not in any event answerable.   The judge reported the case for the consideration of the full court.

*D. E. Ware,* for the Attorney General.

*J. W. Hammond,* for the defendant.

GRAY, C. J.   The provisions of the St. of 1866, *c.* 149, requiring all persons, filling up flats by authority of the Legislature, to submit their plans to the approval of the board of harbor commissioners, and to make compensation for the tide water displaced, cannot be deemed to have been intended to apply to the filling up of the tract of flats in the cities of Cambridge and Somerville, described in the St. of 1873, *c.* 304.   1st. The work was to be done, not by private individuals for their own benefit, but under the direction of the boards of mayor and aldermen of

the two cities, for the abatement of a nuisance and the preservation of the public health. 2d. It was but the carrying out of a plan which had been devised by the board of harbor commissioners, acting jointly with the state board of health, under authority of the St. of 1872, *c.* 353. 3d. The St. of 1873, *c.* 304, contains no reference to the requirements of the St. of 1866, *c.* 149, as has been usual whenever works to be done by municipal authorities were intended by the Legislature to be governed by such requirements. Sts. 1867, *c.* 324; 1868, *c.* 326; 1869, *cc.* 78, 432, 447; 1871, *c.* 273; 1873, *cc.* 129, 130, 136.

*Information dismissed.*