## BARRETT v. BLACKMAR.

1. **Mortgage**: REDEMPTION BY MORTGAGOR: RENTS. In an action by a mortgagor who was not made a party to redeem from a sale under a decree of foreclosure, the amount necessary to redeem should be determined with reference both to the right to rents and the liability to pay for improvements.

2. ——: ——: ——. The mortgagor cannot in a separate action recover from the purchaser in possession for rents and profits, unless he show that he was prevented by accident, surprise, fraud or mistake from considering the rents and profits when he made his offer to redeem.

*Appeal from Winneshiek District Court.*

SATURDAY, DECEMBER 15.

THE petition of plaintiff alleges that during the years 1874 and 1875, and a long time prior thereto, he was the absolute owner of a certain forty acres of land described in the petition, and was entitled to the possession of said premises and the rents and profits thereof; that during the years 1874 and 1875 the defendant took and held possession of said premises and received the rents and profits of the value of $800. Plaintiff asks judgment for this sum. Defendant filed an amended answer as follows:

"*Division 1.* He denies each and every allegation of the petition.

"*Division 2.* He avers that heretofore, on the 12th day of October, 1865, one Martin V. Blackmar was the owner of said land and as such made a mortgage thereon of that date to one Atkinson, which mortgage was duly acknowledged, certified

and filed for record and recorded; that afterward O. M. Barrett, by quit-claim deed, filed for record March 19, 1873, and by title derived through said mortgagor, became the owner of said land and took possession thereof, subject to the lien of said mortgage; that afterward the said mortgagee commenced his action in the District Court of said county to foreclose said mortgage; that said O. M. Barrett was not made a party to said action; that afterward, on the 17th day of February, 1874, a judgment was duly rendered in said action in favor of said mortgagee and against said M. V. Blackmar for the sum of $570.40 and costs, and ordering a sale of said premises, and foreclosure, etc.; that afterward a special execution was duly issued on said judgment; that afterward, on the 25th day of July, 1874, the sheriff of said county, by virtue of said writ, made due sale of said premises; that this defendant became the purchaser for $615; that the sheriff on the same day made to this defendant a deed of conveyance in pursuance of such sale; that the said deed was duly filed for record; that afterward, on the first day of March, 1875, and not before, this defendant, under and by virtue of said deed took possession of said premises and held the same until the 22d of October, 1875, and no longer; that after said sale, and on the 2d of February, 1875, this defendant commenced his action in the said District Court against the said Barrett for the foreclosure of said mortgage, claiming $615 and interest at ten per cent and costs, and asking a decree that the said Barrett redeem the said premises from the said mortgage and sale, or that he be barred and foreclosed of the right to redeem; that afterward, October 19, 1875, the said Barrett appeared in said action and filed his answer, admitting the claim made by said petition and asking that he be permitted to redeem, and offering to pay therefor the sum of $700, in full of debt, interest and costs; that with his said answer said Barrett paid into court the said sum of $700 for the purpose of such redemption; that this defendant indorsed on said answer his acceptance of Barrett's offer; that thereupon, on the 22d day of October, 1876, a decree was entered in said cause permitting the said Barrett to redeem the said premises from the said

mortgage and sale, and establishing his title therein freed from such incumbrance, and directing that said sum of $700 be paid over to this defendant; that the said money was paid over to, and accepted by, this defendant, in redemption from said mortgage and sale, and possession of said premises was surrendered to the said Barrett; that in the said action the said Barrett made no claim for rents and profits received, or for the use or occupation by defendant of said premises; that the claim now made by the plaintiff is for the same identical rent and profits accruing from defendant's aforesaid use and occupation.

"*Division 3.* Defendant avers that he received the aforesaid rents and profits only as mortgagee, or assignee of the mortgagee in the mortgage in the second division hereof mentioned, by his actual possession of said mortgaged premises, under an entry by him made after condition broken; that while he was so in possession he made necessary expenditures in repairing fences, constructing forty rods of new fence, and fall plowing said land in the autumn of 1875, all of which was of the value of $125, which sum he asks to set off against any claim that the plaintiff may establish against defendant."

The plaintiff filed his demurrer to the second and third divisions of this answer, specifying that:

1. It is not alleged that defendant took possession of said premises with the consent of plaintiff.

2. It does not show that plaintiff ever leased the premises to defendant.

3. It does show that defendant entered the premises without right, and as a trespasser.

4. It shows that defendant entered the premises without color of title.

The court sustained this demurrer, and defendant excepted. Afterward the parties filed a stipulation of facts, as follows:

1. That the plaintiff was, at the several dates mentioned in the petition, the owner of the mortgaged premises, subject to the rights of defendant under the mortgage mentioned in defendant's answer.

2. That the cash rental value of said premises was, for the

season that defendant occupied them, $125.00, and that defendant has paid plaintiff no part thereof.

3. That during the same season, 1875, defendant received for the rent of said premises $230.00, on a lease for one-third of the crops.

The court thereupon rendered judgment in favor of plaintiff for $230.00, with interest and costs. The defendant appeals.

*E. E. Cooley*, for appellant.

*Willett, Wellington & Willett*, for appellee.

DAY, CH. J. From the allegations of the answer it appears that Barrett became the purchaser of the mortgaged property, by a quit-claim deed filed for record March 19, 1873. On the 17th of February, 1874, the mortgagee procured a judgment of foreclosure in an action to which Barrett was not a party. On the 25th day of July, 1874, the property was sold under the foreclosure, and the defendant became the purchaser. As the decree of foreclosure was rendered after the Code of 1873 took effect, the sale must have been conducted under the provisions of the Code, without appraisement and subject to redemption. *Babcock v. Gurney*, 42 Iowa, 154; *Fonda v. Clark*, 43 Id., 300. Section 3102 of the Code provides that: "The defendant may redeem real property at any time within one year from the day of sale as herein provided, and will in the mean time be entitled to the possession of the property." Section 3321 of the Code provides: "When a mortgage or deed of trust is foreclosed by equitable proceedings, the court shall render judgment for the entire amount found to be due, and must direct the mortgaged property, or so much thereof as is necessary, to be sold to satisfy the same with interest and costs. A special execution shall issue accordingly, and the sale thereunder shall be subject to redemption, as in cases of sale under general execution." Under the provisions of these sections we have no doubt that the purchaser at a foreclosure sale is not entitled to the possession of the premises until after the expiration of the year for redemption. A much more difficult question arises as to the right of defendant to posses-

sion after the expiration of the year for redemption, as against Barrett, the purchaser from the mortgagor, who was not made a party to the foreclosure proceeding. Our statute provides that: "In the absence of stipulations to the contrary the mortgagor of real property retains the legal title and right of possession thereto." Code of 1873, section 1938 (Revision 2217). One of the logical consequences flowing from vesting the legal title and right of possession in the mortgagor is that the mortgaged property in his hands possesses all the incidents of real estate. The mortgagor may lease, sell, and in every respect deal with the mortgaged property as owner, the only restriction being that every person taking under him takes subject to all the rights of the mortgagee. Upon the death of the mortgagor the mortgaged estate passes to his heirs, and his widow becomes entitled to dower therein. The vendee of the mortgagor steps into the mortgagor's place, and becomes entitled to his possession. He holds the property as the mortgagor held it, subject to the same burdens and entitled to the same privileges. So completely does a sale of the mortgaged property divest the mortgagor's interest, and vest it in his vendee, that it has been held that a mortgagor who has sold all his interest in the property, subject to the mortgage, is not a necessary party to a foreclosure suit. *Murray v. Catlett*, 4 G. Greene, 108; *Johnson v. Monell*, 13 Iowa, 300; *Semple v. Lee*, Id., 304.

The purchaser from the mortgagor being thus subrogated to all the rights of the mortgagor, it follows that, until foreclosure and sale, and the expiration of the year for redemption, he has the right to the possession of the mortgaged property, and is entitled to the rents and profits. The plaintiff purchased the mortgaged premises and filed his deed for record, before the foreclosure proceedings were had under which defendant claims he acquired a right to the possession. This purchase vested in plaintiff the legal title, and the right to possession, subject to the lien of the mortgage. Certainly, up to the time of the foreclosure proceeding, plaintiff was entitled to the possession of the property. To the foreclosure proceeding the plaintiff was not a party; he is, therefore, in no way affected

by it. *Heimstreet v. Winnie,* 10 Iowa, 430, and cases cited; *Chase v. Abbott,* 20 Id., 154; *Frisch v. Cramer,* 16 Ohio, 137; *Haffley v. Maier,* 13 Cal., 13; *Boggs v. Hargrave,* 16 Id., 559; *Carpenter v. Williamson,* 25 Id., 154; *Watson v. Spence,* 20 Wend., 260.

In the last case Mr. Chief Justice FIELD, announcing the opinion of the court, said: "To give validity to such decree, the owner must be before the court when it is rendered. No rights which he possesses can otherwise be affected, and any direction for their sale would be unavailing for any purpose. A mortgagor, when he has not disposed of his interest, is a necessary party to a suit for foreclosure and sale under our law, even though no personal claim be asserted against him. The fact that a mortgage is executed upon the premises does not, of itself, authorize proceedings for their sale without making him a party. He has a right to be heard before his estate can be subjected to sale to satisfy any alleged lien, without reference to any personal claim against himself. If he has parted with the estate his grantee stands in his shoes, and possesses the same right to contest the lien and to object to the sale. The object of the sale is to subject such estate as the mortgagor held at the time to the satisfaction of the lien which he created; and if that estate has been disposed of a decree directing its sale without the presence of its owner would be a mere arbitrary act, condemning without hearing one man's property to pay another man's debt. It is only when the owner of the estate has had his day in court, that a valid decree can pass for its sale. It is only under a decree of this nature that a purchaser can acquire any title."

In *Haffley v. Maier,* 13 Cal., 13, it was held that the vendee of the mortgagor cannot be ousted from possession by a purchaser under the decree of foreclosure, unless such vendee was made a party to the foreclosure proceedings. But we are not now called upon to determine what would, at law, have been the rights of Barrett, if the purchaser at the foreclosure sale had not instituted any proceeding to foreclose his interests. After the sale, on the second day of February, 1875, the defendant commenced his action against Barrett, for the foreclosure

of the mortgage, claiming $615.00 and interest at ten per cent, and costs, asking a decree that Barrett redeem the said premises from the mortgage and sale, or that he be barred and foreclosed of the right to redeem.

The rights of the parties were thus drawn within the jurisdiction of a court of equity, and they are to be determined by equitable principles. In equity the right of a purchaser from the mortgagor who is not made a party to the foreclosure is to redeem from the mortgage. *Porter v. Kilgore*, 32 Iowa, 380; *Douglass v. Bishop*, 27 Id., 214; *Bates v. Ruddick*, 2 Id., 423. The party bringing his action to redeem is entitled to rents and profits, and, under some circumstances, he is chargeable with valuable and lasting improvements. *Montgomery v. Chadwick*, 7 Iowa, 114 (134). In the action to redeem the court should consider both the right to rents and the liability to pay for improvements, as these questions must be determined in order to ascertain the amount which should be paid to redeem. If the court had considered the respective claims of the parties in this case, and had determined that $700 was the proper amount that plaintiff should pay in order to effect a redemption from the mortgage, the presumption would be that the court arrived at this sum after allowing plaintiff all proper sums as rent, and charging him with all proper amounts for improvements, or that under the case as presented the plaintiff was not entitled to rents, and was not chargeable with improvements. In either case the decree would be a finality between the parties, reviewable only on appeal. The amounts due for rent are just as intimately connected with, and enter as closely into the determination of the amount necessary to redeem, as payments upon a debt are connected with and enter into the question of the amount due thereon. A party who fails to plead payment, and allows judgment to be recovered for too large a sum, cannot be relieved unless he was prevented by accident, surprise, mistake or fraud of the opposite party from making his defense. *Doyle v. Reilly*, 18 Iowa, 108 (113), and cases cited. In this case, however, the court did not determine the amount which Barrett should pay to redeem.

*Marginal note:* 1. MORTGAGE: redemption by mortgagor: rents.

He appeared to the action, filed his answer, admitted the claim made by the petition, asked that he be permitted to redeem, and offered for that purpose the sum of $700, paying it into court for the purpose of redemption. The defendant accepted the offer, and a decree was entered permitting Barrett to redeem from the mortgage and sale, and establishing his title freed from the incumbrance. It was the duty of Barrett in making this offer to take into consideration his right to rents, and his liability for improvements, and to offer such sum as he was willing to pay, after considering both these items, to the end that the rights of the parties might be finally and fully adjudicated, and an end put to litigation respecting them. The presumption is that he took these matters all into account. If he did not, he must show that he omitted to do so through accident, surprise, mistake or fraud of the opposite party, before he can recover the rents in a separate action.

We think the demurrer to the answer should have been overruled.

REVERSED.