MILLS ET AL. v. HAMILTON.

1. Landlord and Tenant: ATTORNMENT: MORTGAGE. An attornment to the mortgagee, even after forfeiture by non-payment, is not valid until the mortgage has been foreclosed, and, when the property is sold subject to redemption, the period of redemption has expired.

2. Injunction: DISSOLUTION OF. A preliminary injunction will not be dissolved upon the bare allegations of an answer, but proof must be introduced in support thereof.

3. ———: DAMAGES: ACTION. In an action asking damages for a trespass, the plaintiff may also pray for an injunction restraining a like further injury, and the fact that he has erroneously entitled his action an equitable one will not defeat his right to ask for the injunction.

*Appeal from Dubuque Circuit Court.*

FRIDAY, JUNE 14.

ON the 23d day of August, 1877, the plaintiff filed a petition in equity, in substance as follows:

"1. That the plaintiff William Mills is the owner of a certain lot in the city of Dubuque, on which is erected a brick dwelling-house, wood-shed and other out-buildings.

"2. That Charles M. Mills is the lessee of said premises under a written lease executed August 4, 1877, for the term

of one year, has paid the full rent of said premises for the term, and is in possession by his sub-lessee.

"3. That the defendant, George B. Hamilton, on the 20th of August, 1877, unlawfully entered upon said premises and began to tear down and remove a wood-shed erected thereon for the storage of wood, and to commit other trespasses on said premises to the damage of plaintiffs; that in spite of the remonstrance of plaintiffs, defendant has instructed his servant and workmen to proceed with the removal of said wood-shed, and has threatened to commit other further trespasses on said real estate, and to eject your petitioners therefrom, to their annoyance and damage, and the disturbance of their rights."

The petition prays an injunction restraining defendant from committing waste or trespass upon, or in any manner interfering with, the premises; that an account be taken of the damage caused by defendant, and that plaintiffs have judgment therefor.

On the 23d day of August, 1877, an injunction was issued as prayed. On the 8th of September, 1877, the defendant filed an answer in substance as follows:

"1. That the said premises were sold under special execution against William Mills on the 28th day of July, 1877, and that since that date William Mills has only an equity of redemption therein.

"2. That defendant has no knowledge or information sufficient to form a belief as to the lease alleged in the second paragraph of the petition. He denies that Charles M. Mills is in possession of the premises as alleged.

"3. Defendant denies that he unlawfully entered on said premises and committed any trespass thereon, and that he threatened to commit any trespass.

"4. This defendant states that on the 12th day of February, 1872, the plaintiff William Mills, and Lucinda, his wife, executed to defendant their mortgage upon the premises

Mills v. Hamilton.

described in the petition for the purpose of securing a promissory note of one thousand dollars, due one year after date.

"5. That thereafter, on the 30th day of December, 1872, William Mills executed another mortgage upon said premises to secure the payment of a promissory note of two hundred and ninety-three dollars and eighty-nine cents, payable one year after date.

"6. That at the May Term, 1877, of the Dubuque Circuit Court, Mary Hickson brought suit against William Mills to foreclose a mortgage prior to the mortgages of defendant; to which suit defendant was made a party; that on the 16th of June, 1877, judgment and decree of foreclosure were rendered therein in favor of Mary Hickson for six thousand two hundred and eighty-three dollars and sixty-eight cents, and in favor of defendant for one thousand five hundred and ninety-nine dollars and thirty-two cents, which judgment has not been paid.

"7. That on the 28th day of July, 1877, one Mary J. Heaton, a tenant in possession and occupancy of the premises, under a lease from William Mills, attorned in writing to defendant the rent of said premises, whereby the defendant became entitled to the rents and profits thereof.

"8. That defendant found that the dwelling-house on said premises was greatly in need of repairs, to save it from waste and damage; the roof leaked to such an extent as to make the house uncomfortable in rainy weather; the wood-shed afforded neither shelter nor convenience; the floor was broken up; the roof leaked badly, and the shed was rotten and in danger of falling down; that to save said premises and building from further waste and injury this defendant caused the roof to be repaired and painted, and was taking away the old rotten and dangerous wood-shed for the purpose of erecting a new one, for which the lumber, procured by defendant for that purpose, was on the premises when he was restrained by the injunction; that if said building is not repaired it will sustain great injury and damage."

Defendant prays that the injunction be dissolved and the petition dismissed.

Upon the filing of this answer the defendant moved the court to dissolve the injunction, on the following grounds:

"1. Because the plaintiffs have a full and complete remedy at law.

"2. Because the petition does not show that the injury is irreparable.

"3. Because the petition does not show that the defendant is insolvent or irresponsible.

"4. Because the petition shows no equity, nor that plaintiffs are entitled to equitable relief.

"5. Because of the issues made by the answer of the defendant."

The court overruled this motion. The defendant appeals.

*Myron H. Beach*, for appellant.

*Griffith & Knight* and *Graham & Cady*, for appellees.

DAY, J.—I. The defendant does not deny that he entered upon the premises and was about to remove the wood-shed as alleged. He seeks to justify his action through the attornment from Heaton, and claims that thereby he became entitled to the possession of the premises. It is not claimed that there was any sale under the defendant's judgment of foreclosure, and it is admitted that a right of redemption still existed under the Mary Hickson foreclosure sale. During the year for redemption the mortgagor is entitled to the possession of the premises. *Barrett v. Blackmar*, 47 Iowa, 565. It is claimed that the attornment to defendant is valid under section 2013 of the Code, which is as follows: "The attornment of a tenant to a stranger is void, unless made with the consent of the landlord, or pursuant to or in consequence of a judgment at law or in equity, or to a mortgagee after the mortgage has been

1. LANDLORD and tenant: attornment: mortgage.

Mills v. Hamilton.

forfeited." It is claimed that the mortgage to Hamilton was forfeited by the non-payment, at maturity, of the note secured, and that thereupon the tenant in possession had the right to attorn and transfer the constructive possession to defendant. This cannot be the meaning of this section. Under such a construction all the decisions of this court holding that the legal title and right to possession are in the mortgagor, until after foreclosure and expiration of the year for redemption, could be evaded and nullified in all cases where the mortgaged property is in possession of a tenant. The decisions relied upon by appellant were based upon the common law idea of a mortgage, under which, in default of payment at the time named, the mortgagee was entitled to possession of the mortgaged premises, and might maintain an action of ejectment therefor. We are satisfied that under this section there can be no valid attornment until after foreclosure and expiration of the period of redemption, where the property is sold subject to redemption.

II. It is claimed that the injunction should have been dissolved because the acts complained of were not injurious, but were beneficial to the premises. The motion to dissolve was made upon the petition and answer. No proof seems to have been introduced. The answer alleges that the acts done by defendant were beneficial, but the allegation, unproved, furnishes no basis for the dissolution of the injunction.

2. INJUNCTION: dissolution of.

III. It is claimed that the injunction should have been dissolved because the petition contains no averment that the damage is irreparable, or that defendant is not responsible. The Code, § 3386, provides that "in all cases of breach of contract or other injury, where the party injured is entitled to maintain and has brought an action by ordinary proceedings, he may, in the same cause, pray and have a writ of injunction against the repetition or continuance of such breach of contract or

3. ——: damages: action.

other injury, or the committal of any breach of contract or injury of a like kind, arising out of the same contract or relating to the same property or right, and he may also, in the same action, include a claim for damages or other redress." It cannot be doubted that, admitting the allegations of the petition to be true, the plaintiff is entitled to maintain an action by ordinary proceedings for damages. Under this section he may, in aid of such action, have an injunction without, as we think, alleging that he will sustain irreparable injury, or that the defendant is insolvent. If it be said that this action is not brought by ordinary proceedings, under section 3386 of the Code, but is an action in equity, the answer is that "an error of the plaintiff, as to the kind of proceedings adopted, shall not cause the abatement or dismissal of the action, but merely a change into the proper proceedings, and a transfer to the proper docket." Code, § 2514. The plaintiff asks damages for the trespass, and an injunction against its continuance or repetition. The relief asked is fully provided for in section 3386 of the Code, and is consistent with the allegations of the petition. If plaintiffs have made a mistake in entitling their petition in equity, the injunction should not, on that account alone, be dissolved. The court did not err in continuing the injunction till the hearing.

AFFIRMED.