## MILLS v. HEATON.

1. **Mortgage:** ATTORNMENT OF TENANT. The attornment of a tenant to a mortgagee, before the expiration of the mortgagor's right of redemption under the foreclosure sale, is invalid.

*Appeal from Dubuque Circuit Court.*

SATURDAY, OCTOBER 25.

Two actions bearing the same title, the one in forcible entry and detainer, and the other to recover for rent, were prosecuted by plaintiff against defendant before a justice of the

peace, where judgments were rendered for plaintiff. Upon an appeal to the Circuit Court, like judgment was entered. Defendant appeals in each case. The causes having been tried upon the same testimony, are submitted together.

*M. H. Beach*, for appellant.

*Graham & Cady*, for appellee.

BECK, CH. J. The defendant had leased the premises involved in the action of plaintiff or his assignor, and as a
1. MORTGAGE: attornment of tenant. defense pleaded that she had attorned to George P. Hamilton, a mortgagee of the premises. It is shown that the attornment was made after foreclosure of the mortgage, and before sale. The sole question involved in the case is correctly stated by defendant's counsel in these words: " Is an attornment by a tenant to a mortgagee, after condition broken, valid?" The facts of these cases, so far as they are involved in this question, are identical with the facts in *Mills et al. v. Hamilton*, 49 Iowa, 105. The premises are the same, and the attornment and parties thereto are identical in this and that case. The decision in that case, if adhered to, must be decisive of this. Upon reconsidering the question presented, we find no ground for changing our views. The question is one of no great breadth, and admits of but little discussion. A brief consideration here may, in some degree, give support to our former decision.

Code, section 2013, provides that " the attornment of a tenant to a stranger is void, unless made    *    *    *    *    to a mortgagee after the mortgage has been forfeited." Counsel for appellant relies upon this provision, and insists that it may be so enforced, by permitting attornment, whereby the mortgagor may be ousted, as to operate in harmony with other provisions of the statute, which we proceed to recite

A mortgagor retains the legal title and right to the possession of the land, in the absence of stipulation to the contrary. Code, section 1938. After a sale of realty upon execution, the defendant may redeem within one year, and in the meantime is entitled to the possession of the land. Code, sections

3102, 3321. Under these provisions, the right of possession of the land is secured to the mortgagor, until the expiration of the time of redemption prescribed by statute. Now it is very plain that if a tenant may attorn to the mortgagee, before the expiration of the time of redemption secured by the statute after sale, the right secured by the provisions 'will be defeated.

We think section 2013 is capable of a construction which will harmonize with the other provision. It is this: The language "after the mortgage has been forfeited" used in the section means after the rights existing under the mortgage have been lost—forfeited. We think this conclusion reasonable. If it be correct, the meaning of the provision is that the tenant may attorn to the mortgagee, after the right of possession of the mortgagor is cut off under the statute—that is, after time for redemption from the sale has expired.

Counsel for defendant insists that the mortgagee, under the view contended for by him, would be required to credit the rent and profits upon the mortgage debt. But if this should be done, the mortgagor is none the less deprived of the possession of the land, which the statute declares he shall hold until the expiration of one year after the sale.

In view of the peculiar provisions of the statutes above cited, the decisions of the courts, where similar provisions do not exist, are not applicable to the question before us, and need not be considered. The statutes of Wisconsin upon this subject are not wholly unlike our own, and we believe the Supreme Court of that state recognizes a different rule than we have adopted. See *Tallman v. Ely*, 6 Wis., 244; *Gillett v. Eaton*, Id., 30; *Hennessy v. Farrell*, 20 Id., 42. The rule we follow, in our opinion, more nearly enforces the letter and the spirit of the statute in question, and more fully accords with other provisions relating to mortgages, than the rule said to prevail in Wisconsin. We, therefore, adhere to the former decision of this court upon this question.

AFFIRMED.