## NELSON v. LARSEN.

Mortgage: DEED TO MORTGAGEE: RIGHTS OF PURCHASER UNDER JUNIOR JUDGMENT. Plaintiff held a mortgage which gave him no rights to rents and profits, nor to the possession of the land, except as he might become entitled thereto under a foreclosure sale; but, to avoid a foreclosure, the mortgagor deeded the land to him in consideration of the mortgage debt,—the deed providing that the mortgage should not merge in the deed, but should continue to subsist as grantee's interest might require. After the mortgage had been recorded, but before the execution of the deed, defendant obtained a judgment against the mortgagor, which was a junior lien on the land, and afterwards obtained a sheriff's deed therefor upon execution sale under his judgment. Held that his right of possession under his sheriff's deed was superior to plaintiff's right of possession under his deed from the mortgagor, and that the mortgagee could obtain possession under his mortgage only by virtue of a foreclosure sale and a deed thereunder in the ordinary way. (See opinion for cases distinguished.)

*Appeal from Winneshiek District Court.*—HON. C. T. GRANGER, Judge.

FILED, MAY 31, 1889.

ACTION in equity to foreclose certain rights of defendants to real estate described in the petition. Judgment was rendered in favor of plaintiff, as prayed. Defendant Larsen appeals.

*G. R. Willett* and *E. P. Johnson*, for appellant.

No appearance for appellee.

ROBINSON, J.—The petition shows material facts as follows : On the eighteenth day of January, 1882, one Lomen, being then the owner of the northeast quarter of section 32, township 98, range 8, executed a mortgage thereon in favor of Haaver Knudtson, to secure an indebtedness of two thousand dollars. The mortgage was recorded on the day it was given. On the twenty-first day of April, 1885, Lomen executed a second mortgage on said premises in favor of plaintiff to secure an indebtedness of $1,776.44. That mortgage was made subject to the first, and was duly recorded. On the twenty-fourth day of December, 1886, to save the foreclosure of the second mortgage, Lomen executed to plaintiff a warranty deed of said premises, in consideration of that mortgage, which provided that the mortgage debt should not be merged in the title conveyed by the deed as to any persons excepting the grantor, but should subsist "as grantee's interest may require." Plaintiff took possession under the deed, and has had the use of the premises to the value of two hundred dollars. The petition further shows that after charging plaintiff with said two hundred dollars, and allowing him for certain improvements and taxes, there is due on the mortgage of Lomen to plaintiff the sum of $1,981.95. Plaintiff asks that he be decreed to be entitled to the amount represented by his mortgage; that defendant be required to pay the sum found due within a time to be fixed by the court; and that in default of such payment the rights of defendant be foreclosed.

The answer of Larsen shows the execution of the two mortgages described in the petition; that neither of them pledged the rents and profits of the mortgaged premises, nor conferred the title nor right of possession, nor the right to enter upon said premises for condition broken. It also sets out the deed of Lomen to plaintiff. It further shows that on the twenty-sixth day of March, 1886, Larsen recovered in the circuit court of Winneshiek county a personal judgment against Lomen, which was satisfied on the thirtieth day of April, 1886,

Nelson v. Larsen.

by a sale of the north, half and southeast quarter of the mortgaged tract; that no redemption was made from said sale; and that a sheriff's deed issued to said Larsen for the land sold, on the second day of May, 1887, and that he thereby acquired the legal title to and right of possession of the premises so sold and conveyed to him. Defendant, Larsen, asks that plaintiff be required to take a decree of foreclosure and sale subject to redemption by said defendant for one year, and subject to his right of possession from May 1, 1887, and that the special relief asked by plaintiff be denied.

Plaintiff demurred to the answer of Larsen on the following grounds: (1) That the same constitutes no cause of defense to plaintiff's petition; (2) that the facts set up therein do not avoid plaintiff's cause of action ; (3) that the facts set up therein are no bar or defense to plaintiff's petition. The demurrer was sustained, and, Larsen electing to stand on his answer, judgment was rendered against him as prayed by the plaintiff.

It will be observed that plaintiff claims title by virtue of a mortgage which was senior to the judgment through which Larsen claims, and by virtue of a deed junior to such judgment, and the sale made to satisfy the same. The demurrer admits that the mortgage gave to plaintiff no right to the rents and profits of the premises, and no right to take possession of them even after condition broken. Thereupon, since the mortgage has not been foreclosed, the only right to the possession of the premises in controversy which plaintiff has was acquired by virtue of the deed to him executed December 24, 1886. It is not a case where a mortgagee is in possession by virtue of his mortgage. It is true the mortgage constituted the consideration of the deed, but the latter alone gave the right of possession. It was a new agreement between the parties to the mortgage, and was necessarily subject to the rights acquired by Larsen by virtue of his judgment and sheriff's certificate of sale, among which was the right to a sheriff's deed, and possession thereunder, in case redemption was not made. The mortgage

gave to plaintiff no right of possession until a deed should be issued by virtue of foreclosure proceedings and a sale thereunder. The mortgagor could convey no greater interest in the mortgaged premises than he possessed. The right of possession which he held when he executed the deed to plaintiff was terminated at the time the sheriff's deed was delivered to Larsen. This case does not fall within the rule announced in *Spurgin v. Adamson*, 62 Iowa, 661, *Barrett v. Blackmar*, 47 Iowa, 565; *Porter v. Kilgore*, 32 Iowa, 380; and similar cases,—in regard to the rights of junior grantees of the mortgagors, as against the holders of titles derived through the foreclosure of senior mortgages, where the junior holders were not made parties to the foreclosure proceedings. We are of the opinion that the demurrer should have been overruled. The judgment of the district court is reversed, and the cause is remanded for further proceedings in harmony with this opinion.        REVERSED.

GRANGER, J., took no part in the decision.