SAMUEL BODELL, Appellee, v. CHARLES NEHLS, Appellant.

Partition Fences: LIABILITY OF ADJOINING PROPRIETORS. The proprietor of unenclosed lands having built fences about the same, joining his fence to a partition fence built by the owner of land adjoining him, and entered into an oral agreement with such adjoining proprietor whereby one-half of said partition fence was sold to him, and for which he agreed to pay the reasonable value thereof within a time specified; *held*, that said agreement, being designed to carry into effect the provisions of the statute in relation to setting off one-half of the partition fence to the proprietor of the land previously unenclosed, and determining its value, such proprietor was liable in an action on said contract for the price agreed to be paid for the half of the fence purchased.

*Appeal from Buchanan District Court.*—HON. J. J. NEY, Judge.

MONDAY, MAY 16, 1892.

ACTION to recover an amount alleged to be due on account of a partition fence, commenced in justice's court. A demurrer to the petition having been sustained, proceedings in error were instituted, which

resulted in the overruling of the demurrer by the district court. From that ruling defendant appeals. —*Affirmed.*

*E. E. Hasner,* for appellant.

*Warren Chase* and *H. W. Holman,* for appellee.

ROBINSON, C. J.—The questions we are required to determine are presented by means of a certificate of the district judge. From the statements contained in the certificate, it appears that the petition states the following facts: The defendant became the owner of the east half of the northwest quarter of section 33, in township 88 north, of range 7 west, in the spring of the year 1889. Previous to that time, Charles Cray, the assignor of the plaintiff, had built and owned a fence between the east and west halves of the quarter section described. The tract of which the defendant became the owner had been unenclosed prior to the time he purchased it, but after that time he enclosed it, joined his fence to that of Cray, and used it to enclose his land during the season of 1889. In August of that year the defendant and the assignor of the plaintiff entered into an oral agreement by which one-half of the fence erected by Cray, as stated, was sold to the defendant for its reasonable value, payment therefor to be made by October.

The defendant demurred to the petition on the ground that the cause of action alleged related to a transfer of an interest in land, which is not in writing, and is therefore within the statute of frauds. That statute provides that no evidence of contracts for the creation or transfer of any interest in lands, except leases for a term not exceeding one year, is competent, unless it be in writing and signed by the party charged, or by his lawfully authorized agent. Code, sections 3663, 3664. It is insisted that the fence in question had become a part of the land on which it was con-

structed, and that in law it must be treated as land. This may be conceded, for the purposes of this appeal, although the character of the fence is not shown. It is further insisted that, as the defendant took possession of his land before the agreement in question was made, he must also have taken possession of the fence at the same time; therefore, that he did not take and hold possession of it under and by virtue of the agreement, as required by section 3665 of the code, in order to take the case out of the statute.

The obligation of the respective owners of the adjoining tracts of enclosed land to maintain the partition fence between them is, in the absence of an agreement, regulated by statute. In such cases, so long as the owners improve their land, it is their duty to maintain the partition fence in equal shares. When a controversy arises between them about the obligation to erect or maintain such fence, application may be made by either party to the fence viewers, who may assign to each his share of the partition fence, and direct the time within which he shall erect or repair it. When the owner of land which has been unenclosed fences it, he is required to pay for one-half of each partition fence between his land and the adjoining land, the value to be ascertained by the fence viewers, or he may rebuild and make one-half the fence. If an owner fail to discharge his duty in regard to a partition fence, as to pay for his share of it in the manner provided by law, he is liable to the party aggrieved, who may obtain relief by an appropriate action. Code, sections 1489–1498. There is no provision in the statute for delivering formal possession of a partition fence. From the nature of the case, each owner of the enclosed tracts of land which it separates can derive benefit from it without regard to the ownership. There can be no exclusive possession of it, within the ordinary meaning of that term. But where the fence

is divided, and a different part is assigned to each to maintain, there is a change of possession for the purposes for which the division was made; and thereafter each party will be entitled to control his share of the fence for the purpose of repairing and rebuilding it.

In this case, when the defendant enclosed his land, he became liable to Cray for one-half the value of the partition fence, and was entitled to have one-half of it set apart to him. But until a share was so set apart, either by the action of the fence viewers or the agreement of the parties, he was not in exclusive possession of any portion of the fence for any purpose. The agreement in question was designed to carry into effect the provisions of the law in a manner authorized by the law, without the intervention of the fence viewers, by setting off to the defendant his just share of the fence and determining its value. The fact that the time of payment was longer than that given by the statute did not affect the character of the transaction. It operated to surrender to the defendant any claim which Cray may have had to the exclusive possession of the fence for any purpose, and as the defendant then held the same actual possession that Cray did, the transfer of possession effected by the agreement was all that the statute required.

The conclusions we have announced answer the questions certified. The judgment of the district court is AFFIRMED.