102 206
134 360

102 206
140 281

# GUSTAVUS F. SWIFT AND EDWIN C. SWIFT, Appellants, v. J. P. CALNAN.

**Party-Wall:** EXPRESS PROMISE TO REIMBURSE. One who builds a party-wall partly on the land of a neighbor on the latter's express promise to pay one-half of the expense thereof, when he shall use it, may recover upon the promise at common law.

CONTRACT IN PAROL. A parol contract as to a party-wall which is not different from that which the law makes, is not invalid under Code, section 2030, which provides that special agreements about such walls must be in writing.

MECHANIC'S LIEN. Though an express promise to pay half the expense of building a party-wall is enforceable, no mechanic's lien can be had to secure the said half cost.

CONSTITUTIONAL LAW. The provisions as to party-walls in Code, sections 2019, 2020 and 2027, giving a lot-owner a right to build a wall not more than eighteen inches wide, one-half upon the land of his neighbor, and to recover from the neighbor one-half the expense thereof when the latter shall use the wall, cannot be held so plainly in violation of the constitutional provision prohibiting private property to be taken for private use without compensation, that they can be held invalid after more than forty years recognition and enforcement, although their validity is not free from doubt; but they must be upheld as an exercise of the police power and as resting on the principle that equality is equity.

**Construction of Contracts.** Unconstitutional provisions of an act may be considered in construing other provisions of the same act which are confessedly valid.

**Law and Equity:** TRANSFER. The fact that an action at law is the proper remedy is not ground for the dismissal of a suit in equity under Code, section 2514, which provides, in effect, that an error as to the kind of proceedings adopted shall not cause the abatement or dismissal of the action, but merely a change into the proper proceedings and a transfer to the proper docket.

*Appeal from Clinton District Court.*—HON. C. M. WATERMAN, Judge.

SATURDAY, MAY 15, 1897.

SUIT in equity to establish and foreclose a mechanic's lien. Plaintiffs and defendant are the owners of adjoining and contiguous lots fronting upon the same street. In November, 1892, they, with the knowledge and consent of the defendant, built a stone and brick wall thirteen inches wide upon the line between the two lots, so that the same could and would be a wall in common. Before the building of the wall, defendant agreed that it should be a wall in common, and promised and agreed to pay one-half the value thereof upon its use by him. In August, 1894, defendant erected a structure on his lots, and used and appropriated the wall built by the plaintiffs. The party-wall cost the sum of one thousand and eighty-nine dollars, and this suit was brought to recover one-half thereof, and to establish and foreclose a mechanic's lien for that amount upon the defendant's lot. Defendant demurred to the petition reciting these facts, on the ground that the plaintiffs were not entitled to any relief whatever. This demurrer was sustained, and plaintiffs appeal.—*Reversed.*

*Hayes & Schuyler* for appellants.

Statutes for walls in common, like our own, have existed in several of the states for years. This statute, which was in existence when our present constitution was adopted, has been repeatedly recognized by this court, and other courts of the states, and it has become a part and parcel of our system.

*Zugenbuhler v. Gilliam*, 3 Iowa, 391; *Wickersham v. Orr*, 9 Iowa, 253, 74 Am. Dec. 348; *Thomson v. Curtis*, 28 Iowa, 229; *Bertram v. Curtis*, 31 Iowa, 46; *Sullivan v. Graffort*, 35 Iowa, 531; *Molony v. Dixon*, 65 Iowa, 136 (54 Am. Rep. 1); *Crapo v. Cameron*, 61 Iowa, 447; *Cornell v. Bickley*, 85 Iowa, 219; *Sheldon Bank v. Royce*, 84 Iowa, 288; *Freeman v. Herwig*, 84 Iowa, 435; *Price*

*v. Lien*, 84 Iowa, 590; *Deere v. Weir-Shugart Co.*, 91 Iowa, 422.

This of itself is enough to debar the courts from disturbing it, even if theoretically they might, as a new question, doubt its constitutionality. This idea is sustained by the highest authority and the weight of reason.

Cooley, Const. Lim. (1st Ed.), 534; *Hoagland v. Wurts*, 41 N. J. L. 175; *Coster v. Tide Water Co.*, 18 N. J. Eq. 68; *Wurts v. Hoagland*, 105 U. S. 701, 26 L. Ed. 1109; *Barbier v. Connolly*, 113 U. S. 27, 28 L. Ed. 923; *State, Brittin v. Blake*, 36 N. J. L. 442.

It is quite possible that, in any state in which this question would be entirely a new one, and where it would not be embarrassed by long acquiescence, or by either judicial or legislative precedents it might be held that these laws are not sound in principle, and that they cannot be sustained by the maxims on which is based the right of eminent domain.

Cooley, Const. Lim. (1st Ed.), 536.

The provision of the statute requiring agreements relating to party-walls to be in writing relates to special agreements outside of the statutory provision and not in line with it.

*Wickersham v. Orr*, 9 Iowa, 253, 74 Am. Dec. 348; *Price v. Lien*, 84 Iowa, 590.

Where one party so builds a wall on a division line and the other owner appropriates and uses it as a joint wall in common, he is liable for its value, and this on ordinary and well-recognized principles of the law.

*Zugenbuhler v. Gilliam*, 3 Iowa, 391; *Rindge v. Baker*, 57 N. Y. 209 (15 Am. Rep. 479); *Bank of Escondido v. Thomas* (Cal.) 41 Pac. Rep. 462; *Guttenberger v. Woods*, 51 Cal. 523; *Zeininger v. Schnitzler*, 48 Kan. 63; *Thornton v. Royce*, 56 Mo. App. 179; *Walker v. Stetson*, 162 Mass. 86; *Day v. Caton*, 119 Mass. 513 (20 Am. Rep.

347); *Rice v. Roberts*, 24 Wis. 461 (1 Am. Rep. 195); *Deere v. Weir-Shugart Co.*, 91 Iowa, 422; 18 Am. & Eng. Enc. Law, page 3.

*Walsh Brothers* and *McCoy Brothers* for appellee.

The statute authorizing party-walls does not provide or contemplate the giving of a mechanic's lien therefor, and chapter 10 of McClain's Code of 1888, which contains all of the provisions relating to party-walls, nowhere makes any suggestion authorizing a mechanic's lien.

Section 3734, McClain's Code of 1888, and these sections construed together, have been held to mean that the two years' limitation commences to run from the expiration of the period of thirty or ninety days, as the case may be, whether the statement for the lien is filed within that time or not.

*Squier v. Parks*, 56 Iowa, 407; *Dimmick v. Hinkley*, 57 Iowa, 757.

Hence, no suit for the foreclosure of a mechanic's lien would be good at this late day, and said plaintiff would be entitled to no relief whatever in equity on account thereof.

*Peters v. Phillips*, 63 Iowa, 553; *Welsh v. Bayaud*, 21 N. J. Eq. 186.

An agreement that adjoining lot owners shall erect a party-wall on the line at their joint expense is a special agreement and must be in writing.

*Price v. Lien*, 84 Iowa, 590; *Crapo v. Cameron*, 61 Iowa, 447.

There can be no recovery unless there is a valid agreement between the parties.

*Wilkins v. Jewett*, 139 Mass. 29; *Allen v. Evans*, 161 Mass. 485; *Joy v. Boston Penny Savings Bank*, 115 Mass. 60; *Brooks v. Curtis*, 50 N. Y. 639 (10 Am. Rep. 545).

Speaking upon the question of unconstitutionality of party-wall statutes, Vice Chancellor Pitney says: "And I think it proper to say further, that, but for the express *dictum* of Chancellor Green in *Hunt v. Ambruster*, 17 N. J. Eq. 208, I should have thought an act or ordinance authorizing a party to build a wall on his neighbor's land to be, simply, not legislation, but ursurpation."

*Traute v. White*, 46 N. J. Eq. 437.

DEEMER, J.—In support of the ruling of the lower court appellee insists: (1) That under the facts recited plaintiffs are not entitled to a mechanic's lien; (2) that the action is barred by the statute of limitations; (3) that the action cannot be maintained, because based upon oral contract, the statute providing that such agreements must be in writing; (4) that the party-wall statute, giving one person the right to build upon the land of his neighbor, is unconstitutional and void; (5) that, such statute being void, no recovery can be had for a wall erected thereunder; and (6) that where a building wrongfully laps over upon another's land, said person has the right to use it without making compensation. In the statement preceding this opinion, it will be noticed that plaintiffs built the wall upon the dividing line between the two lots with the knowledge and consent of the defendant, and with the promise on his part to pay one-half the cost thereof as soon as he should use it. Without reference to the party-wall statute, plaintiffs were licensees, and, having rested half their wall on the defendant's land under an express promise by defendant to pay therefor when he should use it, there is no reason why they cannot, as at common law, recover upon the promise. *Rindge v. Baker*, 57 N. Y. 209; *Bodell v. Nehls*, 85 Iowa, 164 (52 N. W. Rep. 123); *Zugenbuhler v. Gilliam*, 3 Iowa, 391; *Day v. Caton*, 119

Mass. 513.  It is said, however, that action is predicated upon the party-wall statutes, and that such an agreement cannot be proven by parol.

These statutes, so far as material, are as follows: Code, section 2019: "In cities, towns and other places surveyed into building lots, the plats whereof are recorded, he who is about to build contiguous to the land of his neighbor may, if there be no wall on the line between them, build a brick or stone wall at least as high as the first story, if the whole thickness of such wall above the cellar wall does not exceed eighteen inches, exclusive of the plastering, and rest one-half of the same on his neighbor's land; but the latter shall not be compelled to contribute to the expense of said wall."  Section 2020: "If his neighbor be willing and does contribute one-half of the expense of building such wall, then it is a wall in common between them, and if he refuses to contribute to the building of such wall, he shall yet retain the right of making it a wall in common by paying to the person who built it one-half of the appraised value of said wall at the time of using it." Section 2027: "Every proprietor joining a wall, has, in like manner, the right of making it a wall in common, in whole or in part, by repaying to the owner of the wall one-half of its value or the one-half of the part which he wishes to hold in common, and one-half of the value of the ground on which it is built, if the person who has built the wall has laid the foundation entirely upon his own ground."  Section 2030: "This chapter shall not prevent adjoining proprietors from entering into special agreements about walls on the lines between them; but no evidence of such agreements shall be competent unless it be in writing, signed by the parties thereto, or their lawfully authorized agents.  *   *   *"  Now, we have held that when

the contract is the same in fact as that which the law makes for the parties, it is not within the meaning of this section. *Wickersham v. Orr*, 9 Iowa, 253. The contract relied upon in this case is not different from that which the law made, and it is not void because it was in parol. It is said, however, that sections 2019, 2020, and 2027 are unconstitutional, because they authorize the taking of private property for private use, and without compensation. Concede, for the purpose of the case, that this is so; yet how does this affect the validity of the contract made between the parties? If these sections are held unconstitutional and void, in so far as they authorize the building of a wall upon the property of another, they certainly should be considered in construing another section which appellee relies upon and concedes to be valid. While no right may be based upon an unconstitutional act, part of its provisions may be considered in construing other provisions, confessedly good, in arriving at the correct interpretation of the latter. Appellee contends, however, that the agreement, if good, cannot be enforced, because this is a suit in equity, and that remedy upon the contract must be by action at law. The ready answer to this contention is the statute (Code, section 2514), which provides, in effect, that an error as to the kind of proceedings adopted shall not cause the abatement or dismissal of the action, but merely a change into the proper proceedings; and a transfer to the proper docket. See *Mills v. Hamilton*, 49 Iowa, 105; *Conyngham v. Smith*, 16 Iowa, 471; *Lewis v. Soule*, 52 Iowa, 11 (2 N. W. Rep. 400); and many other cases noted in McClain's Code & Supp., at section 3719. It is argued, however, that this action is founded upon the party-wall statute, and that this statute is unconstitutional, for the reasons before stated. That it comes very close to the line must be conceded. But

the fact that it has existed for more than forty years, and has been generally accepted and recognized as valid and enforceable, is strong reason for sustaining the act, even if we were disposed to doubt, as a new question, its constitutionality. Cooley, Const. Lim., p. 86; *Wurts v. Hoagland,* 5 Sup. Ct. Rep. 1086; *State v. Blake,* 36 N. J. Law, 443 ; *Bingham v. Miller,* 17 Ohio, 446. We think that the act in question is not so plainly in derogation of the constitution (article 1, sections 9, 18) as that we ought to hold it invalid. Indeed, in case of doubt, it is our duty to uphold the act. Titles to real estate are held subject to such legal conditions as may, from time to time, be established. They are subject to such statutory and police regulations as affect the safety and good order of society. A tract of land, from its mere location with respect to another, may owe it a servitude; and one must so use his own as not to unnecessarily injure another. As said in the case of *Evans v. Jayne,* 23 Pa. St. 34: "The law relating to party-walls is no invasion of the absolute right of property. It prescribes simply a rule for the convenient, economical, and safe enjoyment of property by the owner." And we may add that such law prevents disputes and unseemly contentions between "neighbors," and, as an exercise of the police power, is valid. See, also, *Hunt v. Ambruster,* 17 N. J. Eq. 208. What are known as "betterment statutes," or, as they are denominated in the laws of this state, "occupying claimants' acts," have been sustained on substantially the same theory. See Tiedeman, Lim., pages 366, 367, *et seq.*; Cooley, Const. Lim. (6th Ed.), pages 476–478, *et seq.*; *Childs v. Shower,* 18 Iowa, 261. Each of these enactments was borrowed from the civil law, and has for its basis the equitable doctrine that "equality is equity." Neither takes from the proprietor of the land anything except for benefits received. Nor can they be said to be violative

of the constitutional provisions with reference to private property, for the reason that they adjust the equities of the parties as nearly as possible according to natural justice. Under the party-wall statute, the adjoining proprietor is not bound to contribute to the expense of the wall. No burden is cast upon him until he makes such use of it as to indicate that he desires to use the wall in common. At most, he parts with the use of not to exceed nine inches in width off the side of his land as an easement in favor of his neighbor. Compulsory easements for the public good are quite common to our law. See the law with reference to drains, dams, and division fences. McClain's Code, sections 1826, 1845, 2322, *et seq*. There are some authorities which hold to a contrary doctrine. See *Wilkins v. Jewett* (Mass.) 29 N. E. Rep. 214; *Allen v. Evans* (Mass.) 37 N. E. Rep. 571; *Traute v. White* (N. J. Ch.) 19 Atl. Rep. 196. What is said on the subject in this last case is purely *dictum*, and contrary to the *Hunt Case, supra*. The other cases we do not regard as binding upon us, even if it be conceded they hold to a contrary doctrine. Although, as we have said, there is considerable doubt as to the validity of the statute, yet it is not so plainly in violation of the constitution as to require an adverse decision. Plaintiffs are entitled to a judgment at law for the value or cost of one-half the wall.

The question remains, are they entitled to have a mechanic's lien established against defendant's property? It seems to us that they are not. When the defendant used and appropriated the wall, he became liable to pay plaintiffs one-half the value thereof under the statute, or, it may be, under his contract. But this was a mere personal charge, and could not be enforced by establishing a lien upon the land. Phillips, Mech. Liens, section 78, and cases cited. Moreover, the material was not

furnished under a contract with the owner of the lot. There was simply an agreement to pay for material already furnished, or to be furnished at a subsequent time, and under other conditions than the mere furnishing of the material. Again, if the material was furnished under a contract with the owner, the statute of limitations is a complete bar to the action, for it must be brought within two years from the filing of the statement for the lien in the clerk's office, and this statement must be filed within ninety days after the material shall have been furnished. *Squier v. Parks*, 56 Iowa, 407 (9 N. W. Rep. 324). Plaintiffs are not entitled to a mechanic's lien, but they are entitled, under the allegations of their petition, to a judgment for one-half the value of the wall.—REVERSED.