## Renwick v. Bancroft et al.

1. **Specific Performance:** DELAY IN COMPLYING WITH DECREE. In a suit for the specific performance of a contract to convey land, where the decree was that the plaintiff should have a deed upon making a cash payment and executing certain notes and a mortgage on the land to secure deferred payments, but no time was fixed when the plaintiff should perform on his part, *held* that his neglecting to do so for nine months would not bar his right to an enforcement of the decree. If the defendants desired an earlier performance, they should have tendered their deed and demanded the money and securities.

2. ———: ———: INTEREST DURING DELAY. In this case the decree was that plaintiff should pay upon a tender of the deed, and it was *held* that defendants could not demand interest from the date of the contract, but only from the date of their tender of the deed.

3. ———: SUFFICIENT TO COMPLY WITH DECREE. Nor could defendants object to receiving the notes tendered, on the ground that they were not made payable to the proper parties, since they were at least made in accordance with the decree.

4. ———: DECREE: FORM OF MORTGAGE MADE PURSUANT TO. Neither can defendants be heard in this court to object to the mortgage tendered by plaintiff on the ground that it is executed by him alone, without showing that he was unmarried, or that it was given for purchase-money, since there is nothing in the record showing that plaintiff was married. This court can not presume that he was married.

5. **Practice in Supreme Court:** ARGUMENT NOT FILED IN TIME. It is not the practice to strike from the files an argument not filed in time; but in such a case, when the court is asked (and not otherwise) the costs of such argument will be taxed to the party filing it, unless the delay in filing has been reasonably excused.

*Appeal from Howard Circuit Court.*

˙Friday, June 16.

The original action was in equity for specific performance. There was a decree for the plaintiff, which upon appeal was modified and affirmed by the Supreme Court. This appeal is by the defendants and is from certain alleged erroneous rulings made by the Circuit Court subsequent to the modification and affirmance by the Supreme Court.

*Geo. E. Marsh* and *Cyrus Foreman*, for appellants.

*Barker & Bros.* and *H. T. Reed*, for appellee.

SEEVERS, CH. J.—Upon the former appeal this court held the decree should be modified as follows: "The plaintiff should be required to pay the $200 cash payment before conveyance and the deferred payments should be secured by mortgage on the land. And as the defendants obtain by this modification a more favorable decree than that appealed from, appellee will be taxed with the costs of the appeal." *Renwick v. Bancroft*, 56 Iowa, 525. The decree of the Circuit Court, except as modified, was affirmed. This was a final desposition of the case and settled the rights of the parties. Whether the defendants could plead matters occurring subsequent to the filing of the opinion of this court, which would make it inequitable to enforce it or estop the plaintiff claiming thereunder, we have no occasion to determine. *Adams County v. B. & M. R. R. Co.*, 44 Iowa, 335.

By the terms of the decree the clerk was appointed a commissioner to execute the conveyance to the plaintiff, and the latter on the 17th day of December, 1881, deposited with said clerk the cash payment, the notes and mortgage, in compliance as he claimed with the decree as modified, and demanded a deed, which the clerk refused to execute.

On January 23d, 1882, the defendants filed a supplemental answer and cross-bill and a few days thereafter an amendment thereto was filed. With the exceptions hereafter stated these pleadings were on motion of the plaintiff struck from the files. Was this prejudicial error, is one of the questions to be determined.

We do not deem it necessary to set out the statements contained in the pleadings struck out, because "they consisted merely of a history" of the case and were therefore immaterial, or set up matters which had occurred prior to the filing of the opinion of this court. As to all which such opinion must be regarded as a finality in this proceeding. The 12th, 13th,

14th and 15th paragraphs of the supplemental answer were not stricken out. The two first were immaterial, that is to say, no relief could be founded thereon, and the two last set up the laches of the plaintiff in failing to comply with the decree as a bar to its enforcement.

No time was fixed when plaintiff should make the tender contemplated in the opinion of this court. Hence, it is

1. SPECIFIC performance: delay in complying with decree. argued a reasonable time was meant. Conceding this to be true, there are heavy doubts whether a delay of about nine months, in the absence of any showing of prejudice, should operate to bar the plaintiff of all rights under the decree. If the defendants felt the delay oppressive they should have tendered a deed and demanded a performance. In the absence of their so doing the objection now made is without merit.

Afterward, the clerk accepted the cash paid him and the notes and mortgages, and executed the conveyance. Upon its presentation to the court for approval the defendants made objections thereto, some of which were identical with those heretofore determined, and certain other objections. The latter only will be considered.

The first is that the tender of $200 was insufficient, because the plaintiff was entitled to interest from the date of the con-

2. ——: ——: interest during delay. tract, or if not, from at least for some time prior to the tender. As we understand, this question was settled by the decree which required the plaintiff to pay upon a tender of the conveyance. This was not materially modified by the opinion of this court under which the plaintiff was entitled to a conveyance. The defendants probably would have been entitled to interest from the time they tendered a conveyance.

The second objection is that the notes were not payable to the proper parties. They, however, were made payable to the

3. ——: sufficient to comply with decree. defendants in the action, or at least in accordance with the decree. It is said one of the payees in the notes is not mentioned in the mortgage. But

this objection was not made below and cannot be for the first time in this court.

The third objection is that the mortgage is executed by the plaintiff, and it is not stated he is unmarried or that the mortgage was given to secure the purchase-money. We do not find that any evidence was offered in support of this objection, or that it appeared of record that plaintiff was married. The court could not. presume he was. Besides, the mortgage was good between the parties. Other objections were made to the deed of a technical character which we do not deem it necessary to specifically notice, otherwise than has been heretofore indicated.

4. ———: decree: form of mortgage made pursuant to.

A motion was made to strike appellee's argument because not filed in time. Such is not the practice, but when asked we will tax the costs of such argument to the party filing it, unless the failure to file within the time prescribed by the rules of. the court has been reasonably excused.. We have some doubts whether this has been done, but as appellant does not ask the costs of the argument taxed to the appellee the motion will be overruled.

5. PRACTICE in supreme court: argument not filed in time.

AFFIRMED.