## UNCLE SAM OIL CO. v. RICHARDS.

No. 6483—Opinion Filed June 13, 1916.

Rehearing Denied July 19, 1916.

(158 Pac. 1187.)

1. **Mechanics' Liens — Actions — Petition — Evidence.**

In an action to recover for work and material and to foreclose a mechanic's lien for the amount found due for such work and material, where the petition states a good cause of action for the recovery of the amount claimed to be due for such work and material, objection to the introduction of evidence for the reason that the petition fails to state a cause of action was properly overruled, even though the petition shows upon its face that plaintiff is not entitled to a lien.

2. **Tenancy in Common—Actions—Contribution for Improvements—Evidence.**

In an action to recover a pro rata share of expenses in making improvements from a cotenant, the vouchers and receipts for moneys expended in making such improvements are competent evidence.

3. **Same—Amount of Recovery—Profits.**

Where one tenant in common makes improvements upon the common property under an agreement with his cotenant that such cotenant will pay its pro rata share of the cost of making such improvements, he is only entitled to contribution from such cotenant for the actual cost of making such improvements, and is not entitled to make a profit thereon.

4. **Frauds, Statute of — Contracts — Agreements to be Performed Within a Year.**

A contract between cotenants in an oil and gas lease, by the terms of which one cotenant is to drill a well for oil or gas upon the lease and develop said lease for oil and gas, the other cotenant agreeing to pay its pro rata share of the cost of drilling such well and doing such development, does not fall within the statute of frauds, as being a contract which by its terms is not to be performed within one year, since the contract may be completely performed in less than a year.

5. **Mines and Minerals—Lien—Person Entitled—Cotenant.**

A cotenant in an oil and gas lease owning an undivided seven-eighths interest therein, who furnishes labor and material for the drilling of wells and developing the lease for oil and gas under a contract with the other cotenant, owning an undivided one-eighth interest therein, by the terms of which contract the other cotenant is to pay its pro rata share of the cost of drilling such wells and such development work, is not entitled to a lien upon the undivided one-eighth interest of the cotenant for such labor and material under section 3865, Rev. Laws 1910.

(Syllabus by Rummons, C.)

Error from District Court, Pawnee County; L. M. Poe, Judge.

Action by A. M. Richards against the Uncle Sam Oil Company. Judgment for plaintiff, and defendant brings error. Affirmed on condition, and cause remanded.

Albert L. Wilson and Mark T. Wilson, for plaintiff in error.

W. Blake, for defendant in error.

Opinion by RUMMONS, C. This action was commenced in the district court of Pawnee county by the defendant in error, hereinafter styled the plaintiff, against the plaintiff in error, hereinafter styled the defendant, to recover the sum of $2,002.52 and to foreclose a mechanic's lien upon an undivided one-eighth interest of defendant in and to a certain oil and gas lease on the west half of the northwest quarter of section 9, township 20 north, range 8 east, Pawnee county. Plaintiff alleged that he was the owner of an undivided seven-eighths interest in an oil and gas lease upon the real estate above described, and that defendant was the owner of an un-

divided one-eighth interest therein; that about the 1st day of September, 1912, plaintiff and defendant entered into an oral contract by the terms of which plaintiff agreed to furnish all derricks, casing, tanks, tubing and rods, line pipe, connection, and all other machinery and supplies, and to furnish all labor and pay all expenses incident to completing and operating wells for oil and gas on the above-described premises, and defendant agreed to pay plaintiff one-eighth of all amounts expended as above set forth; that plaintiff, pursuant to said agreement, furnished derricks, casing, and other material and oil well supplies which were used upon the leasehold above described for the purpose of developing and operating said lease, and that he made other payments for labor and team hire for the purpose of developing and operating said leasehold for oil and gas purposes; that plaintiff filed his duly verified mechanic's lien statement with the clerk of the district court of Pawnee county, and claimed a lien upon the undivided one-eighth interest of defendant in said oil and gas leasehold for the amount due him, to wit, $2,002.52.

The defendant answered, denying generally the allegations of the petition, and alleging that it is the undisputed owner of a one-eighth interst in and to the oil and gas leasehold described in the petition, and alleges that it is the equitable owner of the remaining seven-eighths interest therein, and defendant specifically denies that it ever entered into the contract set forth in the plaintiff's petition, and further specifically denies the correctness of the account set forth in said petition, and further specifically denies its indebtedness to the plaintiff, as stated in said petition.

A jury was impaneled to try the cause, and at the conclusion of the evidence of plaintiff defendant demurred thereto. The demurrer being overruled, plaintiff and defendant agreed that the jury might be discharged and the cause determined by the court. Whereupon the court rendered judgment for the plaintiff in the sum of $1,986.95, and $97.60 interest, and adjudged that plaintiff was entitled to a mechanic's lien upon the undivided one-eighth interest of defendant in and to said leasehold in the sum of $1,908.20 of said judgment. Defendant's motion for a new trial having been overruled, and exception allowed to such ruling, the defendant prosecutes this proceeding in error to review such judgment.

Defendant assigns six grounds of error upon which it seeks to reverse this cause. The first specification of error complains of the overruling of the objection of the defendant to the introduction of any testimony under the petition of plaintiff. Under this assignment of error defendant contends that the petition, because it disclosed that the plaintiff was the owner of an undivided seven-eighths interest and the defendant the owner of an undivided one-eighth interest in said oil and gas lease, did not state a cause of action entitling it to maintain and foreclose a mechanic's lien upon the undivided one-eighth interest of defendant therein. We do not think this specification of error is well taken, even though the defendant be correct in its contention that the plaintiff was not entitled to a mechanic's lien upon its undivided interest in said leasehold, which we will consider later in this opinion. Yet the petition of plaintiff sufficiently stated a cause of action against the defendant for the recovery of the sums claimed to be due plaintiff from the defendant under the contract set out in the petition to withstand an attack by an objection to the introduction of evidence. Whether plaintiff was entitled to a mechanic's lien or not, under the facts stated in the petition he was entitled to a pro rata contribution from the defendant for the moneys expended by him in improving and developing said leasehold, so that the trial court committed no error in overruling the objection of defendant to the introduction of evidence.

The second specification of error complains of the admission of incompetent, irrelevant, and immaterial evidence on the part of plaintiff. The evidence complained of is not set out in the brief of defendant in haec verba, and the only evidence to which defendant calls attention, of which it complains, are vouchers showing receipts for moneys expended by the plaintiff in improving and developing said lease. We think there is no merit in the contention of the defendant that these vouchers were incompetent. It seems that the vouchers offered were receipted bills for labor and material used in drilling wells upon this lease and in operating the same paid by the plaintiff. This evidence was clearly competent.

The third specification of error complains that the court erred in refusing to admit and ruling out competent, material, and legal evidence on the part of the defendant and denying the defendant the right to cross-examine witnesses for the plaintiff. Under this assignment the defendant only points out one error complained of. The bookkeeper of the plaintiff was a witness in his behalf, and testified to an item of $560 for cleaning out wells. He testified that the plaintiff had a string of tools and employed two men to work with said string of tools, and they worked 28 days, for which he charged $20 a day, which, the witness testified, was the

customary price paid for cleaning out wells. Upon cross-examination the defendant sought to elicit from the witness how much profit there was in this price of $20 a day. The court sustained an objection to this question, to which ruling the defendant excepted. We think the court erred in sustaining the objection to the cross-examination offered by defendant. Plaintiff and defendant, under the pleadings and the evidence of plaintiff, were cotenants in this oil and gas lease. Under the contract pleaded and testified to by the plaintiff he was to go ahead and drill upon this lease and keep an account of all the expenses incurred by him in drilling and prospecting for oil and gas and for operating oil and gas wells, if discovered, and make out a bill once a month for the one-eighth interest of defendant and send it in to defendant, who promised thereupon to pay one-eighth of all expenses incurred. In view of the situation of these parties and the contract shown by the plaintiff to have been made by them, the plaintiff was entitled to be reimbursed by the defendant to the extent of one-eighth of the actual cost to him for the drilling and operating of wells upon said lease. Plaintiff was not entitled to make a profit out of the drilling and operating of this leasehold. but was only entitled to be reimbursed for one-eighth of the amount actually and necessarily expended by him in drilling and operating thereon. 7 R. C. L. 826; Wolfe v. Childs, 42 Colo. 121, 94 Pac. 292, 126 Am. St. Rep. 152. We therefore conclude that the defendant was entitled to inquire upon cross-examination the amount of profit there was to plaintiff in this item of cleaning out the wells at the price plaintiff charged for it. Defendant's proportion of the sum of $560 charged for cleaning out the wells would amount to $70, and defendant was entitled to discover how much of that sum was actually and necessarily expended in cleaning out said wells.

At the conclusion of plaintiff's evidence defendant demurred thereto, and assigned the overruling of said demurrer as its fourth ground of error. In support of this assignment of error defendant first contends that the evidence does not disclose that the plaintiff ever made demand upon the defendant before the commencemnt of this action for a contribution for any part of the moneys expended by him, except the first bill, amount ing to $519.50, which was paid by the defendant, and that under the contract pleaded and testified to by plaintiff he could not maintain an action against the defendant until he had presented the defendant a statement of the amounts expended by him and requested payment of its share of such expenditures. We think, however, that the

defendant is overlooking the testimony of the plaintiff in this case. He testified:

"He said all right, if I wanted to drill, I was to go ahead, and that they would pay their proportionate share of what it cost, all expenses, and to make out a bill once a month and send it in to the company, and they would send in a check. I did that, and they paid the first account that I sent in, and they haven't paid anything since. The first bill I sent in they sent it back and said that their man Mr. Barker would look over the bills and O. K., and after they were O. K.'d they would pay them, and Mr. Barker went and got the bills and looked them over and O. K.'d them and sent the bills to Kansas City, and they sent me a check for five hundred and some dollars for the first bill; I don't remember the amount; I think it was $519 and something; they sent me a check for it, and since that when I sent the bills in they don't pay them."

This evidence and all the inferences to be drawn from it, being admitted to be true by the demurrer, we think sufficiently show that the plaintiff made monthly statements to the defendant of the amounts due from it, but that the defendant failed and refused to pay such amounts. There is therefore no merit in this contention of the defendant.

Defendant next contends that the contract between plaintiff and defendant is shown to be within the statute of frauds, in that by its terms it was not to be performed within one year, and, being in parol, plaintiff could not recover thereon. We feel convinced that this contention of the defendant is not well taken. Contracts, to fall within this section of the statute of frauds, must be those which by their terms are not to be performed within one year. A contract which may or may not be performed within a year does not fall within this section of the statute of frauds. It is only where by the terms of the contract it is apparent that the performance was not to be completed within a year that this section becomes applicable. Under the terms of the contract between plaintiff and defendant, as testified to by plaintiff, the plaintiff was to go ahead and drill, and the defendant agreed to pay its pro rata share of putting down a well. He also testified that it agreed to pay its pro rata share of the operating expenses in the event oil and gas were discovered. Under this contract, had the plaintiff sunk a well which proved to be dry, the contract might have been completely performed within a very short time. While it is true, no doubt, that plaintiff hoped to strike oil. and that such oil might continue to flow for an indefinite period, it does not come within the terms of this contract. The contract only provided for the drilling upon this lease to determine whether or not oil might be discovered, and therefore could have

been performed within one year. Where a contract may be fully performed within a year, it does not fall within the prohibition of this section of the statute of frauds, even though it may be continued in force for an indefinite period. Nonamaker v. Amos, 73 Ohio St. 163. 76 N. E. 949, 4 L. R. A. (N. S.) 980, 112 Am. St. Rep. 708, 4 Ann. Cas. 179; Dickey v. Dickinson, 105 Ky. 748, 49 S. W. 761, 88 Am. St. Rep. 337.

The evidence of the plaintiff showed a right in plaintiff to recover from the defendant for the moneys shown to have been expended by him, and, the demurrer to the evidence admitting the truth of such evidence, the court correctly overruled such demurrer.

Defendant's next assignment of error is that the court erred in returning a judgment in favor of the plaintiff and against the defendant and in declaring a part of said judgment a lien upon defendant's one-eighth interest in said premises. We think this assignment of error is well taken. The plaintiff did not in his petition nor in his evidence bring himself within the class of persons entitled to a mechanic's lien. Section 3865, Rev. Laws 1910, provides:

"Any person, corporation or copartnership who shall, under contract, express or implied, with the owner of any leasehold for oil and gas purposes or the owner of any gas pipe line or oil pipe line, or with the trustee or agent of each owner, perform labor or furnish material," etc., shall have a lien.

In this case the plaintiff claimed to own an undivided seven-eighths interest in and to the oil and gas lease upon which the work and material was done and furnished, and the evidence shows that, except for the item of $560 for cleaning out the wells, all the other work done and material furnished were under contracts made by him. The contract upon which the plaintiff relies is one made between his cotenant and himself for the development of their common property. It was not a contract with the owner of an oil or gas lease for the drilling of a well or the furnishing of the materials therein as contemplated in this statute. The work done and material furnished were for the improvement of the property of plaintiff, and, while under the contract between plaintiff and defendant he is entitled to contribution from the defendant in proportion to its interest to reimburse him for moneys expended by him in making such improvements, yet he is not entitled to impress a mechanic's lien therefor upon the undivided one-eighth interest of the defendant. It is true that it might be in a proper case that a lien upon the undivided interest of the defendant might be imposed for the benefit of the plaintiff, but the pleadings and facts in this case do not make out such a case. Swift v. Calnan, 102 Iowa, 206, 71 N. W. 233, 37 L. R. A. 462, 63 Am. St. Rep. 443.

We think the trial court erred in decreeing that the plaintiff was entitled to a mechanic's lien upon an undivided one-eighth interest of the defendant for the amount found to be due plaintiff.

The error committed by the court in sustaining the objection of plaintiff to the cross-examination of its witnesses as to what profit there might be in the item of $560 charged for cleaning out the wells must work a reversal of this case, for the reason that we are unable to tell from the state of the record what amount should properly be charged against the defendant for the cleaning out of these wells, unless the plaintiff sees fit to remit the sum of $70, and the interest thereon, from the judgment rendered in his favor. In the event such remittitur be made, the judgment of the trial court should be affirmed as to the personal judgment rendered against the defendant, and this cause should be remanded, with directions to the trial court to deny plaintiff his lien upon the undivided one-eighth interest of the defendant in and to said oil and gas lease. In the event such remittitur be not made, this cause should be reversed and remanded for a new trial.

By the Court: It is so ordered.