## UNCLE SAM OIL CO. v. RICHARDS.

No. 9006—Opinion Filed Sept. 10, 1918.

Rehearing Denied Oct. 22, 1918.

(175 Pac. 749.)

**1. Judgment—Estoppel—Public Policy.**

When a fact has been once determined in the course of a judicial proceeding, and a final judgment has been rendered in accordance therewith, it cannot be again litigated between the same parties without virtually impeaching the correctness of the former decision, which, from motives of public policy, the law does not permit to be done. The estoppel is not confined to the judgment, but extends to all facts involved in it as necessary steps, or the groundwork upon which it must have been founded.

**2. Judgment—Bar—Issues.**

The existence of the contract involved in this action and its legality having been determined in a former action between the same parties, these issues are settled, and cannot be relitigated in the instant case.

(Syllabus by Galbraith, C.)

Error from District Court, Pawnee County; Conn Linn, Judge.

Action by A. M. Richards against the Uncle Sam Oil Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Redmond S. Brennan. for plaintiff in error.

Wm. Blake, for defendant in error.

Opinion by GALBRAITH, C. This action was based upon the same contract involved and construed by this court in an action between the same parties, Uncle Sam Oil Co. v. Richards, reported in 60 Okla. 63, 158 Pac. 1187, and was on an account for further development of the lease under that contract. A reference to that case will show that the contract was an oral one entered into between cotenants of an oil and gas lease on 80 acres of land; Richards owning seven-eighths interest and the Uncle Sam Oil Company owning one-eighth interest therein. By the terms of

the contract Richards was to furnish all labor and material, and was to develop and operate the lease, and to render to the Uncle Sam Oil Company monthly statements of the expenses, and it was to pay one-eighth of the amount thereof. This action was to recover one-eighth of the cost of drilling well No. 3 on this lease and operating expenses subsequent to the account presented with the claim for well No. 2, and amounted to $1,272.48; the account of expenses for well No. 1 on the lease having been paid, and the former suit being for the costs of well No. 2 and the expenses of operating the lease up to the completion of that well. The case was tried before the court and a jury, resulting in a judgment for the full amount of the claim, to review which this appeal has been prosecuted.

A number of errors are urged, but the one most stressed is the one alleged to have been committed in giving instruction No. 2 to the jury. This instruction reads as follows:

"You are further instructed that, under the pleadings, proof, and law applicable to this case, there was a contract between the plaintiff and the defendant, made on the 12th day of September, 1912, by the terms and conditions of which the plaintiff was to go upon the leasehold estate as described in the plaintiff's petition and furnish the necessary materials, labor, and expenses in the development of said lease in exploring for oil and gas, and that the defendant obligated and bound itself to pay its one-eighth part of said expense, and that under the said contract that the amounts sought to be recovered herein by plaintiff against the defendant were under the terms and conditions of said contract, and that the only issue presented for the consideration and determination of the jury is what amount the plaintiff is entitled to recover. In this connection you are further instructed that you are to determine and by your verdict fix the amount sued for that the plaintiff is entitled to recover, not exceeding, however, in all, the amount claimed that is, one-eighth of the total expense alleged, or $1,272.48, with interest thereon from July 1, 1914; and in determining this amount you are authorized to consider each and all of the terms stated and claimed in the plaintiff's account attached to its petition and the exhibits offered in evidence, and determine from all the testimony offered in evidence which terms are just, true, and correct, and have not been paid, and return your verdict for such amount as you find it to be, with interest thereon at 6 per cent. per annum from June 1, 1914."

It will be remembered that the issues raised by the pleadings are practically the same in the instant case as in the former case, except the amount of the account sued upon. The making of the contract and its legality were denied, in this suit as in that, and these two issues were raised in this case as in that. These propositions were settled against the contention of the plaintiff in error on the first appeal. It was there determined that the contract in suit had been entered into as alleged by Richards, and that the contract was a legal and binding obligation. These questions, having been litigated and settled in the former suit between these parties, cannot be relitigated in this action. The applicable rule announced in the third paragraph of the syllabus in Johnson v. Gillett, 66 Okla. 308, 168 Pac. 1031, is as follows:

"When a fact has been once determined in the course of a judicial proceeding, and a final judgment has been rendered in accordance therewith, it cannot be again litigated between the same parties without virtually impeaching the correctness of the former decision, which, from motives of public policy, the law does not permit to be done. The estoppel is not confined to the judgment, but extends to all facts involved in it as necessary steps, or the groundwork upon which it must have been founded. It is allowable to reason back from a judgment to the basis on which it stands, upon the obvious principle that, where a conclusion is indisputable and could have been drawn only from certain premises, the premises are equally indisputable with the conclusion."

The existence of the contract and its legality having been settled in the former appeal, the only question remaining for determination in the instant case was the amount of the account and its correctness. This question was presented in the instructions under consideration with reasonable clearness. We do not find that the instruction is properly subject to the criticism leveled against it.

We have gone over the other assignments of error urged with care, and do not find that any of them presents prejudicial error. The law questions raised by the assignments of error were based upon and determined adversely to the plaintiff in error in the former appeal. The remaining question of the correctness of the account in suit was properly submitted to the jury. Its verdict and finding thereon, being reasonably supported by the evidence, is conclusive upon this court, and the judgment appealed from should therefore be affirmed.

By the Court: It is so ordered.