## HEIERDING v. DEAN.

No. 27233. Nov. 30, 1937.

Rehearing Denied Dec. 21, 1937.

Application for Leave to File Second
Petition for Rehearing Denied
Jan. 4, 1938.

Bruno Miller, for plaintiff in error.

Owen F. Renegar, for defendant in error.

WELCH, J. This action originated in the district court of Oklahoma county, Okla., between William Dean and Fred E. Heierding. The parties will hereafter be referred to as plaintiff and defendant, as they appeared in the lower court.

The present question is whether plaintiff at this time is entitled upon his election to compel performance of an alternative judgment dependent upon his election, or whether by his delay in election he has lost the right to compel performance of such alternative judgment.

The original controversy leading up to the original judgment concerned the rights and liabilities of the parties to certain town lots. The defendant, as owner, had let plaintiff into possession of the lots and plaintiff built a house thereon and resided therein. In the original controversy the question generally was whether plaintiff had a materialman's lien on the lot only, or whether by oral contract the defendant had sold and the plaintiff had bought the lots, leaving certain sums due on the purchase price and for borrowed money. Upon original trial in the district court, that court found in effect that by oral contract defendant had sold and plaintiff had purchased the lots; that after plaintiff had completed the house thereon, it was his duty by contract to pay defendant $300, with interest from September 1, 1932, at 5% per annum, all in cash, and to give defendant a mortgage for $500, the balance of the purchase price of the premises. All this was in accord with the then contentions of the defendant. The court thereupon rendered the original judgment decreeing that defendant

"* * * have immediate specific performance of the oral agreement of purchase made by and with the plaintiff, William Dean, of and for the premises hereinbefore described, and that he have further judgment against the said plaintiff in the sum of three hundred dollars ($300) together with interest thereon at the rate of 6 per cent. (6%) per annum from the 1st day of September, 1932, and that upon the payment of said $300 to him, the said defendant execute a good and sufficient warranty deed to said premises and the said plaintiff execute a mortgage to the said defendant covering such premises in accordance with said agreement and the order of this court; that upon the failure of the plaintiff to perform said agreement according to its terms and the order of this court, that he be required to remove said dwelling house and other improvements on said premises only upon the payment of the said three hundred dollars ($300) hereinbefore set forth, together with interest thereon; that upon the failure and refusal of the said plaintiff to perform said contract and his further refusal and failure to pay the said $300 and to remove the said improvements from the said premises, that said defendant have immediate possession of said described premises and that said plaintiff be required to vacate the same and the improvements thereon and to remove therefrom, and that upon the failure and refusal of the said plaintiff to so vacate and remove from said premises that said defendant be entitled to an order of this court evicting the said plaintiff from the said premises and giving

the said defendant the undisturbed possession thereof; that said defendant have further judgment for his costs herein expended and for the further relief prayed for in his cross-petition against said plaintiff."

There was several months' delay in entering the journal entry, and thereafter several months' additional delay on the part of the plaintiff, at the end of which time the plaintiff tendered into court the $300 and interest, whereupon the trial court on plaintiff's motion entered the order now presented for review. which in effect permits plaintiff to have performance of the original judgment upon his delayed election.

During this period of delay plaintiff continued to occupy the premises, and defendant took no steps to enforce the original judgment in any manner.

During at least some months of the delay period the plaintiff was undertaking in the trial court to have the original judgment vacated and to perfect to this court an appeal from the refusal of the trial court to vacate the original judgment, but during an extension of time to perfect such appeal plaintiff concluded to abandon that appeal and made his tender into the trial court of the aforesaid $300 and interest.

In the order or judgment now presented for review the trial court, in effect, found that the plaintiff's tender was not too late and ordered defendant to comply with the original judgment.

The defendant now contends that the plaintiff's election and tender came too late; and although the original judgment was in accordance with defendant's then contentions, the defendant now contends that the original oral contract of sale was too indefinite in detail as to time of payment of the mortgage; and defendant further contends that changes in conditions, together with plaintiff's delay, should bar plaintiff's right to compel performance of the judgment; and that plaintiff did not seek to compel performance of the judgment in the proper manner.

Since the original judgment specifies no definite time for plaintiff to declare his election, we must assume that a reasonable time was intended. In Renwick v. Bancroft, 59 Iowa, 139, 12 N. W. 801, the court said:

"In a suit for a specific performance where no time was fixed when plaintiff should make the tender contemplated in the opinion of the court on a former decision, there are heavy doubts in the absence of

any showing of prejudice, that a delay of nine months should operate to bar the plaintiff of all rights under the decree. If defendants felt the delay oppressive they should have tendered a deed and demanded a performance."

In this case the defendant does not show any prejudice to have resulted from the delay. It is suggested that the property has increased in value, and that during the delay period the defendant paid some taxes, insurance, and special improvements on the lots, but if defendant is protected as to those payments, there is no authority presented to sustain the view that a mere change in value or change in desire of the contending party would be sufficient to deprive the other party of the right to a full performance of the original judgment. That original judgment was satisfactory to the defendant when rendered and it became final. While the plaintiff did delay in making his election and tendering compliance on his part, yet during that period the defendant sought no enforcement of the judgment nor any limiting of plaintiff's time to comply. The trial court in making the last order found that the plaintiff's delay was not unreasonable in this case, and we cannot say that such conclusion was against the clear weight of the evidence.

As to defendant's contention that the original sale agreement was too indefinite, that matter must have been considered by the court in rendering the original judgment, and to again test that matter would in effect impeach the correctness of the original judgment and retry the exact matters covered by the original judgment which the defendant then sought and obtained and which has become final.

In Uncle Sam Oil Co. v. Richards, 73 Okla. 248, 175 P. 749, this court said:

"When a fact has been once determined in the course of a judicial proceeding, and a final judgment has been rendered in accordance therewith, it cannot be again litigated between the same parties without virtually impeaching the correctness of the former decision, which, from motives of public policy, the law does not permit to be done; the estoppel is not confined to the judgment, but extends to all facts involved in it as necessary steps, or the groundwork upon which it must have been founded."

The defendant contends that during the interval of delay before plaintiff's election and tender he, the defendant, paid certain taxes on the lots and special improvement assessments and insurance. No authority

is shown sustaining defendant's right to avoid the original judgment by reason of such payments, but such payments inure to the benefit of plaintiff, and the defendant in equity and justice is entitled to be reimbursed therefor. This cause was one of equitable cognizance from the beginning, and the court has power to protect the defendant as to any such payments in proper amounts as were made by him. Such protection could be amply afforded by decreeing a lien in favor of the defendant for such amounts, and doubtless the trial court would have so acted upon specific request so to do. While the defendant offered proof of these items, he did not specifically request, either directly or in the alternative, that he be so reimbursed or protected. Nevertheless, in equity and good conscience the trial court should have heard proof as to those items and rendered proper judgment in reference thereto.

It is pointed out that the terms of the mortgage for $500 have not been clearly stated or determined. That, however, is not necessarily a bar to the enforcement of the rights of the parties. The original sale contract, being sufficiently certain to obtain the original judgment of the court of its validity, is of sufficient certainty to be enforced by the trial court, and the trial court may fix the terms of the mortgage reasonably, that is, with reason and fairness between the parties, or may by decree of the court grant a lien on the premises with reasonable provisions for payment and for foreclosure in case of default.

Finally defendant contends that the court erred in hearing plaintiff's motion and granting relief thereunder, because it was not the proper manner in which it should have been brought before the court for consideration. As hereinbefore noted, this proceeding was had several months after entry of judgment. The jurisdiction of the court was not exhausted by the mere entry of judgment, but continued for the purpose of enforcing the decree. The power to enforce its decree was a necessary incident to its jurisdiction. Obviously, the court had power to inquire whether its judgment had been performed. Defendant's motion had no other effect than to call the court's attention that its judgment had not been performed. A hearing was had on the motion and both parties appeared in court and took part in the proceeding. The court found that the plaintiff had performed the original judgment and that the defendant had not. The order did not change or extend the scope of the original judgment. The defendant was ordered to do that which the original judgment had already ordered him to do. No new or different liabilities were created by the enforcement order. It is contended that plaintiff should have proceeded in the nature of a contempt charge for failure of defendant to perform, or by a proceeding in the aid of execution. Clearly defendant was not prejudiced because such other action was not taken, nor was he prejudiced because of the manner in which the court made inquiry concerning the nonperformance of its judgment, and ordered its performance.

We affirm the judgment of the trial court upholding plaintiff's right to compel the performance of the original judgment, but find that the last-mentioned order or judgment of the trial court should be modified to the extent of permitting defendant, within a reasonable time, to present proof of payment of taxes, insurance, and special assessments for which under the views herein expressed he would be entitled to be reimbursed.

Therefore the order and judgment of the trial court presented on this appeal is affirmed, with the modification above mentioned, and the trial court is directed to enforce the last order or judgment and the original judgment in conformance with the views herein expressed; the costs of this appeal to be taxed against the plaintiff in error.

RILEY, PHELPS, CORN, GIBSON, HURST, and DAVISON, JJ., concur. OSBORN, C. J., and BAYLESS, V. C. J., absent.