In re GEORGE RODMAN, INC., Debtor.

Thomas J. KENAN, Trustee, Plaintiff,

v.

HILLIARD OIL & GAS, INC., Defendant.

Bankruptcy No. 82-2132-A.
Adv. No. 83-1070.

United States Bankruptcy Court, W.D. Oklahoma.

May 1, 1984.

Motion for New Trial Granted May 30, 1984.

Thomas J. Kenan and Gary L. Morrissey, Oklahoma City, Okl., for plaintiff.

R. Paul Wickes and Tami L. Fitzgerald of the firm Watson & McKenzie, Oklahoma City, Okl., for defendant.

## MEMORANDUM OF DECISION

RICHARD L. BOHANON, Bankruptcy Judge.

The issue on this motion for summary judgment objecting to defendant's claim is whether perfection of a statutory lien by an operator of an oil and gas leasehold unit in Oklahoma is effective against the trustee for the bankruptcy estate of a non-operating working interest owner.

The facts are uncontested and show that defendant Hilliard was operator of an oil and gas leasehold spacing unit created by an order of the Oklahoma Corporation Commission. In July, 1982, Hilliard and the debtor entered into a model form operating agreement in common use and published by the American Association of Petroleum Landmen.[1] Under terms of the operating agreement the debtor had 22% of the working interest in the unit.

Drilling operations commenced in August and on November 1, 1982 an involuntary petition was filed against the debtor and the order for relief was entered subsequently. As of the petition date debtor owed Hilliard approximately $295,000 for its share of expenses incurred in drilling the unit well.[2] In December, 1982 Hilliard filed a statutory oil and gas lien statement against the debtor-trustee's interest as provided by 42 O.S. 1981 § 144.

The trustee now seeks to avoid the lien under the provisions of 11 U.S.C. § 544 which provides, in pertinent part:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

. . . . .

(3) a bonafide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists.

In sum, the trustee argues that the statutory lien should be denied under Oklahoma law. We must thus examine the pertinent provisions of the contract. It provides that the debtor grants Hilliard a lien upon its rights in the unit to secure payment of its share of the expenses.[3] It further provides that liability of the parties is several, not joint or collective, and each party is responsible for its own obligations. No steps were taken by Hilliard to perfect the security interest granted to it by the agreement until it filed the statutory lien.

The statute under which Hilliard claims its lien, 42 O.S. 1981 § 144, provides that "[a]ny person ... who shall, under contract ... with the owner of any leasehold for oil and gas purposes perform labor or services ... or furnish material, machinery, and oil well supplies used in the digging, drilling,

---

1. The agreement in use is AAPL form 610–1977 revised.

2. The trustee has paid his post-petition share of the costs and the well has been completed successfully.

3. The pertinent language of the agreement says that "[e]ach Non-Operator [debtor] grants to Operator [Hilliard] a lien upon its oil and gas rights in the Contract Area, and a security interest in its share of oil and/or gas when extracted and its interest in all equipment, to secure payment of its share of expense...."

torpedoing, operating, completing ... shall have a lien on the whole of such leasehold...."

Oklahoma statutes then provide that such liens are perfected by filing a statement with the County Clerk and taking other steps which Hilliard did in this case.

The trustee argues that Oklahoma law provides that a security interest[4] for the amounts owed Hilliard may not be perfected under procedures for statutory liens. He does not deny Hilliard is owed the $295,000 but contends that, due to improper perfection, Hilliard holds merely an unsecured claim.

■ The only authority with similar facts is *Uncle Sam Oil Co. v. Richards*, 60 Okl. 63, 158 P. 1187 (1916). There the parties owned undivided interests in an oil and gas lease and agreed that Uncle Sam Oil Co. would operate the lease and charge Richards his proportionate part. When Richards failed to pay, Uncle Sam filed a statutory lien statement, the same as Hilliard. The lien statute in effect in 1916 was virtually identical to 42 O.S. 1981 § 144. See 1910 Okla.Rev.Laws § 3865.

The Court noted that the operating agreement between the parties was for development of their common property and "... was not a contract with the owner of an oil and gas lease for the drilling of a well or the furnishing of the materials therein as contemplated by this [lien] statute." 60 Okl. at 66, 158 P. at 1190. The Court thus held that Uncle Sam was not entitled to impress a statutory lien on Richards' interest in the lease for the amounts claimed.[5]

Hilliard argues *Uncle Sam* should not control its case for 42 O.S. 1981 § 144 permits a statutory lien for materials and labor used in "... operating ..." an oil and gas lease; and that it and the debtor-trustee are not cotenants. Neither of these

theories, however, take Hilliard's case out of the holding of *Uncle Sam*. The statute in effect in 1916 also allowed a lien for labor or material provided in "... operating ..." and the Oklahoma Court did not draw any distinction. The pertinent part of the holding is that statutory liens are available only when there is a contract between the owner of the lease and another for furnishing labor or material—not when the contract is for development of common property.

Likewise, the circumstance that Hilliard and debtor are not cotenants of the same lease is not a significant distinguishing fact. Here they were brought together by a ruling of the State conservation agency as owners of separate leases in a unit administratively formed for the drilling of a single well. The significant similarity with *Uncle Sam* is that the parties entered into a contract to develop their common property. The fact that the common property is the administrative unit rather than a lease does not appear to be material.

Hilliard also argues that following *Uncle Sam* will upset established industry practices. If that is the case we still do not see that this Court may decide contrary to the clear holdings of state jurisprudence. Except in rare instances federal courts are obliged to follow holdings in decisions of the high court of the state. Exceptional cases may be when the state court has disregarded the decision in later cases, when it has been discredited by dictum in later cases or when the state legislature has apparently intended to change the decision. See 19 Wright, Miller & Cooper, *Federal Practice and Procedure* § 4507 at pp. 93–94 (1982). None of these circumstances are alluded to by Hilliard.

In concluding, the *Uncle Sam* decision says, without more, that "... in a proper case ... a lien upon the undivided interest

---

**4.** Under the Bankruptcy Code, 11 U.S.C. § 101(38), " '[s]ecurity interest' means lien created by an agreement."

**5.** *Uncle Sam Oil Co. v. Richards, supra,* has been cited with approval by the Appellate Court of

Illinois, in construing an identical statute, where it reached the same result. *Kinne v. Duncan,* 315 Ill.App. 577, 43 N.E.2d 425 (1942). See also *Gandreau v. Smith,* 137 Kan. 644, 21 P.2d 330 (1933).

of the defendant might be imposed for the benefit of the plaintiff, but the pleadings and facts in this case do not make out such a case." 60 Okl. at 66, 158 P. at 1190. The Court does not elaborate further except to cite *Swift v. Calnan*, 102 Iowa 206, 71 N.W. 233 (1897). We thus examine that holding for any guidance it may provide. In it the parties constructed a party wall and when defendant refused to pay his share plaintiff sought to impress a statutory lien. The Court held he was liable to pay his one-half but "... this was a mere personal charge, and could not be enforced by establishing a lien upon the land." (citations omitted) 71 N.W. at 235. We find nothing in that decision to exemplify the Oklahoma Court's statement that an operator might be entitled to a statutory lien in some cases.

We have also noted previously that since statutory liens are in derogation of the common law they must be construed strictly, especially as regards whether the lien has attached. *In re Mahan & Rowsey, Inc., et al.*, 27 B.R. 883 (Bkrtcy.W.D.Okl. 1983). Only recently, in speaking for the Oklahoma Court, Justice Opala reiterated this rule and said that "[a]lthough courts must enforce these remedial devices, lien law legislation cannot be extended to cases not within its scope." (footnote omitted) *Republic Bank & Trust Company v. Bohmar Minerals, Inc.*, 661 P.2d 521, 523 (Okl. 1983).

■ We thus hold that *Uncle Sam* controls this case and, while Hilliard has an allowed claim against the trustee for the full amount, it is unsecured.[6]

---

**6.** The trustee, in his motion, does not seek to avoid the lien as to certain overhead charges fixed in the agreement. We believe he misconstrues *Uncle Sam Oil Co. v. Richards, supra,* in this regard. While there was a discussion in *Uncle Sam* concerning the correct amount owed for services provided by the operator directly, the statutory lien was disallowed in its entirety.