J. Michael Nordin, McAfee & Taft, P.C., Oklahoma City, Okl., for plaintiff.

Monty L. Bratcher, Bratcher, Latting & Teague, P.C., Oklahoma City, Okl., for trustee.

## In re CACTUS ENERGY COMPANY, Debtor.

## CANADIAN EXPLORATION CORP., Plaintiff,

v.

## CACTUS ENERGY COMPANY, et al., Defendants.

Bankruptcy No. Bk–81–2184.

Adv. No. 84–0356.

United States Bankruptcy Court, W.D. Oklahoma.

Jan. 3, 1985.

## DECISION

RICHARD L. BOHANON, Bankruptcy Judge.

In this adversary proceeding plaintiff seeks a judgment declaring that its claim is secured. The trustee defends on the grounds that the lien which plaintiff claims to hold was not perfected properly under state law; and that, therefore, he may avoid it under 11 U.S.C. § 544(a)(3).

The issues have been joined by a Motion for Summary Judgment based upon stipulated facts.

The facts are similar to those we addressed in *Kenan, Trustee v. Hilliard Oil & Gas, Inc.,* 38 B.R. 826 (Bankr.W.D.1984 Okla.). Plaintiff operates oil and gas leases in which the debtor holds working interests pursuant to the American Association of Petroleum Landmen form of operating agreement. The debtor failed to pay all its share of the costs and plaintiff filed a statutory lien statement pursuant to 42 O.S.1981 § 144. The question is whether this filing constituted proper perfection under Oklahoma law.

In *Kenan* we held that pursuant to *Uncle Sam Oil Co. v. Richards,* 60 Okl. 63, 158 P. 1187 (1916) filing a statutory lien

upon the interest of a party to a contract to develop common property was not proper perfection and, thus, a trustee—bona fide purchaser could avoid it.

A motion for new trial was granted in *Kenan* to hear issues other than those concerning the holding of *Uncle Sam*. Before our consideration of these new issues the parties reached a compromise and the complaint was dismissed. Subsequently an order was entered pursuant to Fed.R. Bankr.P. 9024 to clarify that the decision remains effective subject only to any modification that might have resulted from consideration of the new issues.

Our review of the papers submitted on this Motion for Summary Judgment does not persuade us that the holding in *Kenan* should be disturbed.

Accordingly plaintiff's Motion for Summary Judgment is denied and an appropriate judgment will be entered.